# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2021

Lyle W. Cayce
Clerk

No. 20-50494

United States of America,

*Plaintiff—Appellee*,

*versus*

Irick Dron Oneal,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CV-96

_____

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:[*]

Irick Dron Oneal was convicted of sex trafficking of children and sentenced to life in prison. The district court denied his Section 2255 petition and denied him a Certificate of Appealability ("COA"). He moved for a COA in this court, was denied, and moved for reconsideration of that denial. We granted that motion and now deny his motion for a COA.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50494

Oneal seeks a COA on numerous ineffective assistance of counsel claims. We reduce them to three categories: (1) ineffective assistance of counsel at trial for choice of strategy; (2) ineffective assistance of counsel at sentencing because Oneal's sentence was enhanced for various reasons; and (3) ineffective assistance of counsel on appeal. Oneal also argues that the district court erred by not granting him an evidentiary hearing.

To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected the constitutional claims on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Oneal first argues that his counsel was ineffective at trial. Courts will not second-guess counsel's decisions of strategy "if based on informed and reasoned practical judgment." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997) (quotation marks and citation omitted). At trial, counsel sought to shift responsibility to one of Oneal's alleged co-conspirators. That shifting required Oneal to testify and claim he had made a mistake as to the victim's age because he did not have a reasonable opportunity to observe the victim. Trial counsel and the district court informed Oneal of his right not to testify and the consequences of doing so. The district court found no constitutional

ineffectiveness. Oneal has not demonstrated that reasonable jurists would find the district court's conclusion to be debatable or wrong.

Oneal next argues that his counsel was ineffective at sentencing for failing to request a special jury verdict and for failing to prevent various enhancements to Oneal's sentence. Trial counsel, though, requested an unanimity instruction regarding aiding and abetting and preserved it for appeal. Trial counsel also timely objected and argued against enhancements for Obstruction, Pattern of Activity, and Leadership Role and was overruled. Trial counsel was not required to object to the Undue Influence enhancement because, given the 27-year age difference between Oneal and his victim, it would be a "meritless objection [that could not] be grounds for a finding of deficient performance." *Clark v. Thaler*, 673 F.3d 410, 429 (5th Cir. 2012) (internal quotation marks and citations omitted). The district court found there was no constitutional ineffectiveness, and Oneal has not demonstrated that reasonable jurists would find that assessment debatable or wrong.

Oneal also argues for the first time that his appellate counsel on direct appeal was ineffective. We need not, and here do not, "address a claim raised for the first time in a COA motion in this court." *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

Finally, we hold that the district court did not err in denying an evidentiary hearing. A petition "challenging an evidentiary ruling may only be entertained as corollary to a constitutional violation." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Because we have determined that no such violation exists, "we do not address the merits of his request for an evidentiary hearing." *Id.*

The application for a COA and the request for an evidentiary hearing are DENIED.